IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Michael Fletcher, | C/A No. 0:16-1180-MGL-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nancy A. Berryhill, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, David Michael Fletcher, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

- (1) whether the claimant is engaged in substantial gainful activity;

- (2) whether the claimant has a "severe" impairment;

- (3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

- (4) whether the claimant can perform his past relevant work; and

- (5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## ADMINISTRATIVE PROCEEDINGS

In April 2012, Fletcher applied for DIB and SSI, alleging disability beginning April 27, 2007. Fletcher's applications were denied initially and upon reconsideration, and he requested a hearing before an ALJ. A hearing was held on December 5, 2013, at which Fletcher, who was represented by Jason L. Sturkie, Esquire, appeared and testified. At the hearing, Fletcher amended his disability onset date to October 11, 2010. After hearing testimony from a vocational expert and Fletcher's wife, the ALJ issued a decision on June 19, 2014 finding that Fletcher was not disabled. (Tr. 24-32.) The Appeals Council granted Fletcher's request for review and issued an order on February 19, 2106, finding that Fletcher was not disabled from October 11, 2010, the amended alleged onset date, through June 19, 2014, the date of the ALJ's decision.

Fletcher was born in 1971 and was thirty-eight years old on October 11, 2010—his amended alleged disability onset date. (Tr. 217.) He has a tenth-grade education and has past relevant work experience as a stocker, a cart pusher, a cook, a delivery driver, and a forklift driver. (Tr. 302.) Fletcher alleged disability due to attention deficit hyperactivity disorder, a learning disability, bipolar disorder, oppositional defiant disorder, anger management problems, compulsive disorder, high blood pressure, high cholesterol, diabetes, and sleep apnea. (Tr. 301.)

In applying the five-step sequential process, the ALJ found that Fletcher had not engaged in substantial gainful activity since October 11, 2010—his amended alleged onset date. The ALJ also determined that Fletcher's borderline intellectual functioning; attention deficit hyperactivity disorder; bi-polar disorder; and mood disorder were severe impairments. However, the ALJ found that

Fletcher did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found that Fletcher retained the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to occupations requiring no more than simple routine repetitive tasks, not performed in a fast paced production environment, involving only simple work related instructions and decisions and relatively few workplace changes; and he is limited to occupations requiring no more than occasional interaction with co-workers and members of the general public.

(Tr. 28.) The ALJ found that Fletcher was capable of performing past relevant work as a maintenance worker, and that this work did not require the performance of work-related activities precluded by Fletcher's residual functional capacity. Therefore, the ALJ found that Fletcher was not disabled from October 11, 2010 through the date of the decision.

The Appeals Council granted Fletcher's request for review and issued an order on February 19, 2106, adopting the ALJ's decision in all respects except as to the ALJ's finding that Fletcher could perform his past relevant work as a maintenance worker. (Tr. 5-8.) Specifically, the Appeals Council found that Fletcher was unable to perform past relevant work, but that at Step Five of the sequential evaluation process, based on the vocational expert's testimony, Fletcher could perform alternative representative work as a day worker, a garment folder, and a remnant sorter. Accordingly, the Appeals Council found that Fletcher was not disabled from October 11, 2010, the amended alleged onset date, through June 19, 2014, the date of the ALJ's decision.

This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Fletcher raises the following issues for this judicial review:

I. The ALJ erred in failing to conduct a proper Listing analysis to evaluate whether Fletcher's documented intellectual disability met Listing 12.05.

II. The ALJ erred in not determining that Fletcher met the requirements of Listing 12.05 based on the substantial medical evidence in the record.

III. The Appeals Council failed to properly evaluate the new evidence before it.

IV. The ALJ's residual functional capacity finding is not supported by substantial evidence where the ALJ committed reversible error in not giving proper

PJG

weight to the lay testimony of Fletcher's wife, Jessica Fletcher, and in failing to discuss the specific reasons he rejected the lay testimony of Mrs. Fletcher.

(Pl.'s Br., ECF No. 12 at 1-2.)

## DISCUSSION

Although Fletcher raises several issues for this judicial review, the court finds for the reasons that follow that remand is warranted for the ALJ to consider whether Fletcher met or medically equaled the requirements of Listing 12.05. At Step Three of the sequential analysis, the Commissioner must determine whether the claimant meets the criteria of one of the Listings and is therefore presumptively disabled. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added). It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found in the Listing of that impairment. 20 C.F.R. §§ 404.1525(d), 416.925(d). The Commissioner compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment. 20 C.F.R. §§ 404.1508, 416.908. The Commissioner can also determine that the claimant's impairments are medically equivalent to a Listing, which occurs when an impairment is at least equal in severity and duration to the criteria of a Listing. 20 C.F.R. §§ 404.1526(a), 416.926(a). Summarily concluding that a claimant's impairments do not meet or equal a listed impairment without further explanation is "insufficient legal analysis mak[ing] it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings," particularly where the "medical record includes a fair amount of evidence supportive of [the claimant's] claim." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013); see also Cook v. Heckler, 783 F.2d 1168,

PJG

1172-73 (4th Cir. 1986) (concluding it was impossible to tell whether substantial evidence supported the ALJ's listing analysis where there was ample evidence the claimant met or equaled one of the arthritic impairment listings but the ALJ failed to identify the relevant listed impairments and compare each of the listed criteria to the evidence of the claimant's symptoms).

In this case, Fletcher argues that the ALJ erred in failing to examine or otherwise discuss whether Fletcher's impairments met or equaled the criteria in Listing 12.05. At the time of the ALJ's decision in this matter,[3] Listing 12.05 (Intellectual Disability)[4] provided:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> A.    Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded; or
> B.    A valid verbal, performance, or full scale IQ of 59 or less; or
> C.    A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; or
> D.    A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>     1.    Marked restriction of activities of daily living; or

---

[3] Listing 12.05 was substantially revised as of January 17, 2017. See Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138-01 (Sept. 26, 2016). For this judicial review, the court applies the version of Listing 12.05 in effect at the time of the ALJ's decision. Id. at *66138 n.1 ("We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.")

[4] Effective September 3, 2013, the Social Security Administration replaced the term "Mental Retardation" with "Intellectual Disability" in Listing 12.05. See Change in Terminology: "Mental Retardation" to "Intellectual Disability," 78 Fed. Reg. 46499-01 (Aug. 1, 2013). While medical records and case law predating September 3, 2013 utilize the "Mental Retardation" language, the court notes that the substance of the Listing did not otherwise change at that time.



> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

In support of his argument, Fletcher points to the following evidence: (1) a 2013 record from Dr. Don Salmon indicating that Fletcher was placed in special education classes in school, that he failed eighth grade twice, and that he was expelled from school in ninth grade, as well as indicating that Fletcher had a Full Scale IQ of 64 (Tr. 544, 548); (2) a 1989 record from Dr. Williams Bowers, a psychologist, noting Fletcher had a Verbal IQ of 65 and Full Scale IQ of 66 and diagnosing "mild retardation" (Tr. 349-50); and (3) a 2003 record from Dr. Rick McWhorter, a psychologist, indicating Fletcher had a Verbal IQ of 66 (Tr. 363).

In response, the Commissioner points to contrary evidence in the record. For example, the Commissioner argues that other intelligence testing in the record indicated Fletcher had borderline or below average intellectual functioning or diagnosed only a reading disorder and directs the court to records in which Fletcher was encouraged to continue his efforts in obtaining his GED, an opinion that Fletcher could perform at least simple tasks and would most likely function best with more solitary work tasks, and an opinion that Fletcher "appeared able to follow simple work tasks without difficulty, but his ability to interact with co-workers and the public in a predictable manner may be mildly impacted by his emotional issues." (Def.'s Br. at 10, ECF No. 16 at 10) (citing Tr. 540 & 272, 282, 358, 362, 363, 405-06). The Commissioner also points to an October 2012 questionnaire from Fletcher's family physician opining that Fletcher had "no work-related limitations in functioning due to his mental impairment." (Def.'s Br. at 11, ECF No. 16 at 11) (citing Tr. 535).

Upon review of the parties' arguments and the record in the matter, the court is constrained to recommend that this matter be remanded for further consideration and discussion of Listing 12.05. The court observes that there is contradictory evidence in the record as to whether Fletcher meets or equals the criteria of Listing 12.05.[5] However, despite probative evidence in the record that, if accepted, could demonstrate that Fletcher met or equaled Listing 12.05, neither the ALJ's decision nor the Appeals Council's decision reflects that the applicability of Listing 12.05 was even considered. Accordingly, in this case, the court is unable to determine whether the ALJ's decision is supported by substantial evidence without the ALJ's consideration of this evidence in the first instance. Thus, the court is unable to conduct a meaningful judicial review of the ALJ's decision and is constrained to recommend that this matter be remanded for further consideration by the ALJ.[6]

Further consideration of these matters may impact Fletcher's remaining issues. Therefore, in light of the court's recommendation that this matter be remanded for further consideration, the

---

[5] Although Fletcher requests that this matter be remanded for an award of benefits, the court finds that Fletcher's entitlement to benefits is not wholly established and that this matter should be remanded for further consideration and assessment of the above discussed evidence by the ALJ in the first instance. See Crider v. Harris, 624 F.2d 15 (4th Cir. 1980) (finding remand for an award of benefits was warranted where the individual's entitlement to benefits was "wholly established" on the state of the record); Smith v. Astrue, No. 3:10-66-HMH-JRM, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) ("Whether to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court.") (citing Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987)); cf. Radford v. Colvin, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong remedy: Rather than 'reversing' the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A.").

[6] The court expresses no opinion as to the weight this evidence should be given or whether consideration of this evidence by the Commissioner or ALJ will necessarily lead to a finding that Fletcher meets or equals the criteria of Listing 12.05 or ultimately a finding that Fletcher is otherwise entitled to benefits. Further analysis and discussion of this evidence may well not change the conclusion.



court need not address the plaintiff's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

June 2, 2017
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).